IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| BELEN GONZALEZ HERNANDEZ, § | | |
| *Plaintiff,* § | | |
| § | | |
| v. § | CIVIL ACTION NO. 7:15-cv-00300 | |
| § | | |
| ASI LLOYDS AND VERICLAIM, INC., § | | |
| *Defendants*. § | | |
| § | | |

NOTICE OF REMOVAL

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

ASI Lloyds and Vericlaim, Inc. file this Notice of Removal pursuant to 28 U.S.C. §1446(a) and respectfully shows the Court the following:

*Procedural Background*

1.  On or about May 27, 2015, Plaintiff filed Plaintiff's Original Petition in the matter styled *Belen Gonzalez Hernandez v. ASI Lloyds and Vericlaim, Inc.;* Cause No. C-2206-15-A; In the 92nd Judicial District Court, Hidalgo County, Texas, in which Plaintiff made a claim for damages under his homeowner's insurance policy with ASI Lloyds following a windstorm/hailstorm. ASI Lloyds' registered agent received this citation and petition on June 8, 2015. Defendants file this Notice of Removal within the thirty-day time period required by 28 U. S. C. § 1446(b).

2.  Attached hereto as Exhibit "A" is the Index of Matters Being Filed. A copy of the Hidalgo County Clerk's file for this case is attached as Exhibit "B", which includes true and correct copies of all executed process, pleadings and orders, and a copy of *Defendants' Original Answer*. Attached hereto as Exhibit "C" is the Designation of Counsel.

*Basis for Removal*

3.  Removal is proper under 28 U.S.C. §1332(a)(1). There is complete diversity of citizenship.

4.  Plaintiff is, and was at the time the lawsuit was filed, a citizen of the State of Texas. *See* Plaintiff's Original Petition, Section 2.

5.  Defendant, ASI Lloyds was, and at the date of this Notice remains, an association of underwriters. The individual underwriters are as follows: Tanya J. Fjare, Trevor C. Hillier, Kevin R. Milkey, John F. Auer, Edwin L. Cortez, Mary F. Fournet, Philip L. Brubaker, Pat McCrink, Jeff Hannon and Angel Bostick. Each of these underwriters is a citizen of the State of Florida[1] "The United States Supreme Court has consistently held for over one hundred years that the citizenship of an unincorporated association [such as ASI Lloyds] is determined . . . solely by the citizenship of its members." *See Massey v. State Farm Lloyds Ins. Co.*, 993 F. Supp. 568, 570 (S.D. Tex. 1998); *see also Gore v. Stenson*, 616 F. Supp. 895, 898-899 (S.D. Tex. 1984) (recognizing years of Supreme Court precedent reaffirming the treatment of unincorporated associations for jurisdictional purposes). Accordingly, ASI Lloyds is not a citizen of the State of Texas.

6.  Although Plaintiff does not plead domicile of Defendant Vericlaim, Inc., Defendant Vericlaim, Inc. is an Illinois corporation, with its principal place of business in Illinois and is a citizen of the State of Illinois for diversity purposes.

7.  In determining the amount in controversy, the court may consider "policy limits... penalties, statutory damages, and punitive damages." *St. Paul Reinsurance Co., Ltd v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v. State Farm Lloyds*, No. CIV.A.3:98-

---

[1] *See Royal Ins. Co. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882-884 (5th Cir. 1993), *cert. denied*, 522 U.S. 815 (1997); *see also Bailey, et. al. v. State Farm Lloyds, et. al.*, Civil Action No. H-00-3638, 2001 U.S. Dist. LEXIS 15236, *9 (S.D. Tex. 2001); *Massey*, 993 F. Supp. at 570.

2236353v1
04098.001

CV-1288-G, 1999 WL 151667, at * 2-*3 (N.D. Tex. Mar. 10, 1999) (finding a sufficient amount in controversy in plaintiff's case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co., et. al.*, 75 F.Supp.2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Insurance Exchange*, 844 F.Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).

8. The amount in controversy in this case exceeds the jurisdictional requirements of this court. Plaintiff's Original Petition clearly states that Plaintiff seeks damages in excess of $100,000.00. *See* Plaintiff's Original Petition, Section 11. This evidence clearly demonstrates that the amount in controversy in this case exceeds the jurisdictional requirements.

### *The Removal is Procedurally Correct*

9. ASI Lloyds was first served with the petition on June 8, 2015. ASI Lloyds and Vericlaim, Inc. file this Notice of Removal within the 30-day time period required by 28 U.S.C. §1446(b).

10. Venue is proper in this district under 28 U.S.C. §1446(a) because this district and division embrace the place in which the removed action has been pending and because a substantial part of the events giving rise to the Plaintiff's claims allegedly occurred in this district.

11. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings

in the state court action are attached to this Notice.

12. Pursuant to 28 U.S.C. §1446(d), promptly after ASI Lloyds and Vericlaim, Inc. file this Notice, written notice of the filing will be given to Plaintiff, the adverse party.

13. Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of the Hidalgo County Court promptly after ASI Lloyds and Vericlaim, Inc. file this Notice.

Respectfully submitted,

*/s/ Jay Scott Simon*
Jay Scott Simon
Attorney-in-Charge
State Bar No. 24008040
Southern District No. 31422
jsimon@thompsoncoe.com
THOMPSON, COE, COUSINS & IRONS, L.L.P.
One Riverway, Suite 1400
Houston, Texas 77056
Telephone: (713) 403-8210
Telecopy: (713) 403-8299

**ATTORNEY FOR DEFENDANTS**

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document was duly served pursuant to Federal Rules of Civil Procedure on counsel for Plaintiff, Belen Gonzalez Hernandez, by and through his attorney of record, Kevin S. Baker, Ketterman Rowland & Westlund, 16500 San Pedro, Suite 302, San Antonio, Texas 78232, on the 6th day of July, 2015.


                                                    */s/ Jay Scott Simon*
                                                    Jay Scott Simon